# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TRENTON LANE SMITH,** | ) |
|     PLAINTIFF, | ) |
| VS. | )    **CIVIL ACTION NO.** |
| **TRUIST BANK**, | )    _____ |
|     DEFENDANT. | )    (Removed from Gwinnett County State Court, CAFN 24-C-08556-S5) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Truist Bank ("Truist") hereby removes this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Notice of Removal, Truist avers as follows:

### Procedural History

1. On September 16, 2024, Plaintiff Trenton Lane Smith ("Plaintiff") filed his Complaint (the "Complaint") against Truist in the State Court of Gwinnett County, Georgia, Case No. 24-C-08556-S5 (the "State Court Action"). True and correct copies of all process, pleadings, and orders in the State Court Action, as well as a copy of the online docket, are attached hereto as **Exhibit 1**.

2. On September 16, 2024, the undersigned counsel for Truist received a copy of the Complaint via email from counsel for Plaintiff.

## I. The Procedural Requirements for Removal Have Been Satisfied

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4. Truist files this Notice of Removal within 30 days of receipt of the Complaint on it (*see* Ex. 2), and therefore Truist's removal is timely. *See* 28 U.S.C. §1446.

5. The Northern District of Georgia, Atlanta Division is the federal judicial district embracing Gwinnett County, Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(a)(2). Venue, therefore, is proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

6. Truist is the only named defendant and therefore no consent by other defendants is required for removal. *See* 28 U.S.C. §1446(b)(2).

7. No previous application has been made for the relief requested herein.

8. Truist has accordingly complied with the procedural requirements for removal. *See* 28 U.S.C. §§ 1441, 1446.

9. After filing this Notice of Removal, Truist will promptly serve written notice of this Notice of Removal on the Plaintiff and file the same with the Clerk of the State Court of Gwinnett County, Georgia in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the removal notice to be filed with the Clerk of Superior Court of Gwinnett County, State of Georgia is attached hereto as **Exhibit 2**.

## II. Removal Is Proper In This Case

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The Amount in Controversy Requirement is Satisfied

11. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount more than $75,000, exclusive of costs and interest. Plaintiff alleges that he has been damaged in an amount to be determined at trial, but not less than $905,797.31. (Compl. at pg.18). There is no dispute that the amount in controversy requirement has been met.

### B. Diversity of Citizenship Exists

12. Upon information and belief, Plaintiff is a resident of the state of Georgia, residing at 146 Ennisbrook Drive Smyrna, Georgia 30082. (Compl. at Exhibit F, ¶ 3). For determining diversity jurisdiction, Plaintiff is therefore a citizen of Georgia.

13. Truist is a North Carolina state-charted bank with its principal place of business in North Carolina. Pursuant to 28 U.S.C. § 1332(c)(1), Truist is deemed to be a citizen and resident of the state of North Carolina.

### III. Non-Waiver of Defenses

14. By removing this action, Truist does not waive any defenses available to it in this action, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b).

15. By removing this action, Truist does not admit any of the allegations contained in Plaintiff's Complaint.

**WHEREFORE**, Defendant Truist removes the above-captioned action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia.

Respectfully submitted, this 23rd day of September, 2024.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Nancy H. Baughan*
Nancy H. Baughan
Georgia Bar No. 042575
Jonathan J. Stuart
Georgia Bar No. 337053
nbaughan@bradley.com
jstuart@bradley.com

Promenade Tower
1230 Peachtree Street NE
Atlanta, GA  30309
(404) 868-2013
(404) 868-2010 (facsimile)

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **TRENTON LANE SMITH,** | ) | |
| PLAINTIFF, | )<br>) | CIVIL ACTION NO. |
| VS. | )<br>)<br>) | _____ |
| **TRUIST BANK,** | )<br>) | (Removed from Gwinnett County |
| DEFENDANT. | )<br>) | State Court,<br>CAFN 24-C-08556-S5) |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL** upon all parties to this matter by email and regular mail to all counsel of record:

This 23rd day of September, 2024.

             */s/ Nancy H. Baughan*
             Nancy H. Baughan